AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave Suite C, #336
Alameda CA 94501
Telephone:  510/832-5001
Fax:   510/832-4787
info@cleftonlaw.com

Attorneys for Plaintiff
JAMES ALGER

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT RESORTS HOSPITALITY CORPORATION dba MARRIOTT VACATION CLUB PULSE SAN DIEGO; AND ARES PROPERTY GROUP, LLC<br><br>Defendants. | CASE NO.  **'26CV2590 GPC DEB**<br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAMES ALGER, complains of Defendants MARRIOTT RESORTS HOSPITALITY CORPORATION dba MARRIOTT VACATION CLUB PULSE SAN DIEGO and ARES PROPERTY GROUP, LLC and each of them, and alleges as follows:

1.     **INTRODUCTION:**  This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Marriott Vacation Club, San Diego" located at 701 A St, San Diego, CA 92101 ("Marriott Vacation Club").

1

Specifically, Defendants repeatedly denied Plaintiff, a person with a disability who uses a wheelchair or scooter for mobility ("Wheelchair"), equal and independent access to the swimming pool and spa because they cover the lifts so they are not independently operable. Furthermore, the spa lift is wedged between a glass wall and the edge of the spa, making it unusable for transferring between a wheelchair or scooter to the lift.

2.     Defendants' failure to provide accessible facilities, violates the "full and equal" access guaranteed by Title III of the Americans with Disabilities Act of 1990 and related California civil rights statutes. Consequently, Plaintiff has experienced barriers to full and equal access at Marriott Vacation Club, causing embarrassment and humiliation.

3.     Plaintiff seeks injunctive relief to ensure full and equal access, statutory damages, as provided by California law, and all remedies available under the Americans with Disabilities Act of 1990 ("ADA"). Additionally, Plaintiff seeks declaratory relief, along with recovery of reasonable, attorney fees, litigation expenses, and cost as permitted by federal and state law.

4.     **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

5.     **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.     **PARTIES:**  Plaintiff JAMES ALGER is, and at all relevant times herein was, a qualified individual with a physical disability as defined by 42 U.S.C. § 12102; California Civil Code § 51 et seq., California Government Code §§ 12926, 12926.1, 11135, § 12965(b)) and other statutory measures which refer to the protection of the rights of "physically disabled persons."

7.    Plaintiff has been diagnosed with Charcot-Marie-Tooth disease (CMT), a genetic neuropathy that affects the peripheral nerves involved in muscle control, leading to progressive sensory and motor impairments in the extremities—such as the hands, arms, legs, and feet—along with episodes of severe pain caused by both the neuropathy and a back injury. Information about the disease is available from the National Institutes of Health at https://www.ninds.nih.gov/health-information/disorders/charcot-marie-tooth-disease.

8.    In recent years, the disease's advancement has impacted Plaintiff's respiratory muscles, leading to breathing difficulties that necessitate the use of a non-invasive ventilator in specific situations. This worsening condition is highly likely to prove fatal for the Plaintiff. A back injury sustained at work has worsened the condition, hastening the disease's progression. Consequently, Plaintiff experiences considerable difficulties with mobility, fine motor skills, and daily activities. Although Plaintiff can walk short distances with significant assistance, he mainly relies on a Wheelchair for mobility and uses a vehicle fitted with hand controls for transportation.

9.    Due to his restricted range of motion, diminished strength, and impaired dexterity, Plaintiff requires assistance with activities of daily living, including dressing, grooming, and loading his Wheelchair into and out of his vehicle. Although Plaintiff actively resists claiming he requires constant 24-hour care, he increasingly requires general supervision and assistance.

10.    In what sometimes feels like a futile effort to preserve functionality and alleviate pain associated with his disability, Plaintiff frequently utilizes facilities, such as swimming pools and Jacuzzis/spas, especially when utilizing the services of a hotel for another purpose such as travel, being prepositioned for a scheduled meeting the following day or on occasion being in an area that is closer to where friends and family are located should he require assistance and that assistance not be available at home for a multitude of reasons.

11. Plaintiff relies on a noninvasive ventilator due to compromised respiratory muscles, which impairs his breathing when supine. He requires assistance with setting up, using, and removing the ventilator. Malfunctions or disconnections of the device, which have occurred previously, pose severe risks, including hospitalization or worse if assistance is not promptly available. Family members or close friends typically provide this support.

12. Plaintiff's disability presents progressive challenges that have and will continue to evolve over time. At the time of this filing, Plaintiff is able, with assistance, to dress and enter his adapted vehicle. Plaintiff can manage daily activities with minimal assistance, including help transferring in and out of his Wheelchair, and functions with some assistance in his home. Both his vehicle and home have been modified to accommodate his needs limiting but not eliminating the requirement of assistance.

13. Plaintiff has been issued a permanent disabled parking placard by the State of California and resides in Porter Ranch, California.

14. Defendants MARRIOTT RESORTS HOSPITALITY CORPORATION dba MARRIOTT VACATION CLUB PULSE SAN DIEGO and ARES PROPERTY GROUP, LLC, are and were at all relevant times the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint. Defendants did not make the necessary accommodations to ensure that their facilities, products, and services were accessible to Plaintiff and others with physical disabilities. This non-compliance with federal laws on accessibility has directly led to the violations, continuing issues, and harms suffered by Plaintiff, as detailed in this complaint.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants owned and operated in joint venture the subject business as a public accommodation. The business is open to the public and conducts business therein. The business is a "public accommodation" or "business establishment" subject to

4

the requirements of California Civil Code §§51, 51.5, 54 et seq. and the ADA, 42 U.S.C. §12101, et seq.

16. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here.  All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

17. **FACTUAL STATEMENT:**  Plaintiff has been subject to discrimination by Defendants, as the amenities and policies at Marriott Vacation Club do not comply with the ADA. Defendants have neglected and persistently declined to ensure full, equal, and *independent* access to the services, amenities, benefits, and accommodations that are available to individuals without disabilities at Marriott Vacation Club.

18. Marriott Vacation Club and its facilities, including, but not limited to, its entrances/exits, parking, interior paths of travel, transaction counters, restrooms, and eating areas are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and California Civil Code § 51, 54 et seq.

19. On information and belief, Marriott Vacation Club has since January 26, 1992, undergone construction, alterations, structural repairs, and/or additions, subjecting Marriott Vacation Club to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Irrespective of Marriott Vacation Club's construction and alteration history, removal of the access barriers at the subject premises are

subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

20.    Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations.

21.    Plaintiff is a dedicated member of the Marriott Bonvoy wards program and frequently stays at Marriott branded hotels averaging well over 100 nights per year for over the past decade. He is currently in his 11th year at titanium elite status, the second highest year in the Marriott Bonvoy rewards program, which has also earned his lifetime platinum elite status.

22.    Plaintiff chooses to stay at hotels for a variety of reasons, but once he decides to do so, he prioritizes hotels with Aquatic Facilities, which are essential for his exercise, stretching, pain management, and efforts to slow the progression of his disability, as well as for managing fatigue and supporting his personal enjoyment. Therefore, the presence of Aquatic Facilities is a key consideration in his hotel selection process. Other factors he weighs include the cost of the stay, the availability of electric vehicle charging stations, and the hotel's location relative to his travel plans.

23.    Plaintiff relies on water exercises in an attempt to preserve his muscle function and range of motion, making access to a hotel's Aquatic Facilities essential for both his health and enjoyment. However, due to his disabilities, Plaintiff requires an accessible pool lift to safely enter and exit the pool and spa or jacuzzi. Unfortunately, he has found that many hotels often lack such a lift, or their lifts are not working. As his condition has progressed, and thus his reliance on hotels being accessible increased, the lack of accessibility has become an ever-increasing source of frustration to Plaintiff. As such, he has begun holding hotels accountable for repeated failures to be accessible, especially after they have been made aware repeatedly.

24.    Plaintiff stayed at Marriott Vacation Club on January 23, 2026.

VBERIFEID COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

25. On January 23, 2026, Plaintiff was in the area of San Diego, California, intending to visit the San Diego Zoo. He is an annual member there and visits multiple times per year. He also enjoys exploring the local attractions in the Gaslamp District. Because of this Plaintiff decided to visit Marriott Vacation Club to stay locally for multiple days close to both the zoo and the Gaslamp District. He has been a titanium elite member of Marriott Bonvoy for a decade now and also holds lifetime status. This location seemed ideal. It was six minutes away from the zoo, and three minutes away from the Gaslamp district.

26. He was physically able to enter the facility. Once inside, he was able to access goods and services, but it was difficult.

27. Plaintiff generally observed that upon arrival he immediately hit a barrier as the hotel does not provide an accessible loading zone in their loading/valet area as a result when exiting the vehicle, he had no way to get onto the sidewalk as a vehicle was blocking the small curb cut.

28. This loading zone is cut out from the road area. It is approximately 100 feet long, and clearly long enough to fit multiple vehicles. But the check-in desk is not located on ground level. Instead, it is located on the 12th floor. This means that if a vehicle drives in and blocks the small curb cut there is no way for someone like Plaintiff in a wheelchair or using a mobility device to get into the building until the individual who owns the vehicle comes back. Plaintiff was forced to either wait, which he did for a few minutes, or drive his scooter in the right lane of traffic on the street to go to the nearest corner and access the city curb cut.

29. Throughout Plaintiff's stay he noticed this smaller curb cut in the loading zone blocked on multiple occasions. In fact, when the valet brought Plaintiff his vehicle the valet blocked the accessible path of travel with Plaintiff's own vehicle.

30. Once inside Plaintiff encountered additional barriers. When he checked into the hotel the accessible check-in encounter was blocked with

7

promotional material, and the point-of-sale device was sitting on the higher section of the check-in counter out of Plaintiff's reach. No one was staffing the accessible counter in any event. Instead, they were manning the inaccessible counter which was essentially at approximately the level of Plaintiff's shoulder/neck while sitting in my mobility scooter. This affects Plaintiff because he has great difficulty raising his arms that height due to his disability. Furthermore, despite requesting an accessible room, none was provided.



Network:Jan 24, 2026 at 2:17:00 AM PST
Local:Jan 24, 2026 at 2:17:00 AM PST
N 32° 43' 6.585", W 117° 9' 27.698"
Seventh Ave

31.    Lastly, Plaintiff's attempt to use the pool and spa but it was impossible to do so independently as both were covered. The spa lift was also mounted in such a manner that the controls were not reachable as there was no room to get next to it. Plaintiff also noticed that the pool phone was mounted too high and behind a trashcan.

32.    Below is a photo of the covered spa with the unusable spa lift due to the lack of space.  Below the photo of the spa is a photo of the covered pool lift.



VBERIFEID COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

33.    Plaintiff believes it is futile to return to the Marriott Vacation Club until he is notified of its compliance with federal and state accessibility laws and regulations.

34.    Plaintiff will stay at Marriott Vacation Club in the future if it is made accessible.

35.    These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert.

36.    Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

37.    Defendants were aware or reasonably should have been aware, that certain aspects of their establishment and their policies made Marriott Vacation Club inaccessible, constituting a violation of state and federal laws and hindering or denying access to individuals with mobility impairments. Based on available information, it is believed that Defendants possess the necessary financial means to eliminate these obstacles and make Marriott Vacation Club accessible to people with physical disabilities. But Defendants have not taken action to remove these barriers or to ensure full and equal access to the facility.

38.    Because of Defendants' conduct, including their omissions and their failure to ensure access for the disabled, Plaintiff has experienced a violation of his civil rights, emotional distress, and infringement of his right to full and equal enjoyment of public facilities, resulting in general, special, and statutory damages. Each instance of denied access has subjected Plaintiff to difficulties, discomfort, and humiliation. Plaintiff has thus had to seek legal counsel and is now claiming statutory attorney's fees, litigation expenses, and costs, as provided for under federal and state law.

39.    Plaintiff's goal in this suit is a positive one: to make Marriott Vacation Club fully accessible to persons with similar mobility disabilities.

40.    Plaintiff's goal in this suit to make the Marriott Vacation Club fully accessible to persons with similar mobility disabilities.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 *et seq*

41.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

42.    Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

43.    Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

44.    The subject property are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

45.    The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq,* including 1991 ADA Standards for Accessible Design ("1991 Standards"), including, but not limited to, §§ 4.3; 4.3.3 § 4.6.3; 4.3.5.1; 9.1.4 [dispersion rule]; and/or the 2010 ADA Standards for Accessible Design ("2010 Standards"), including, but not limited to, §§ 206; 207; 242.2; 502; 503; 904; 1009.

46.    Moreover, 28 CFR § 36.211 mandates that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendants have violated this regulation by

failing to ensure that the accessible features at Marriott Vacation Club are adequately maintained, including a usable accessible counter and operable pool and spa/Jacuzzi lifts.

47.    Plaintiff alleges on information and belief that Marriott Vacation Club was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA.

48.    Here, Defendants violated the ADA by designing or constructing (or both) Marriott Vacation Club in a manner that did not comply with federal disability access standards even though it was practicable to do so.

49.    The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

50.    As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

51.    Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:

(a) providing benefits that are unequal to that afforded to people without disabilities by not providing accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at Mariott Vacation Club) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct and/or alter Marriott Vacation Club in compliance with applicable federal standards for accessibility; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (f) where Defendants can demonstrate the

12

removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit Marriott Vacation Club and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. Providing accessible facilities including accessible paths of travel, entrance/exit doors, aisle, and seating is a fundamental necessity. Without this ability, Plaintiff is unable to avail himself of the goods and services offered at Marriott Vacation Club on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

52.    Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

53.    Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

VBERIFEID COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

54.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

55.     Marriott Vacation Club is a business establishment within the meaning of the Unruh Act.

56.     Defendants are the owners and/or operators of a business establishment.

57.     Defendants violated the Unruh Act by their acts and omissions:

- Failure to remove known barriers to access Marriott Vacation Club;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Marriott Vacation Club;
- Failure to maintain accessible features in violation of 11B-108; and
- Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

58.     Plaintiff has experienced barriers to access at Marriott Vacation Club, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

59.     On information and belief, Marriott Vacation Club is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

60.     These barriers to access render Marriott Vacation Club inaccessible to

and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

61. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

62. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Marriott Vacation Club. Defendants' discriminatory practices and policies that deny full enjoyment of Residence Inn to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

63. On information and belief, the access features of Marriott Vacation Club have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

64. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly

situated disabled persons.

65.     Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages of at least $4,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to is reasonable attorneys' fees, and costs. *Id.*

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC**
**FACILITIES  IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

66.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

67.     Marriott Inn is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code  § 54 *et seq.*

68.     The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

69.     The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code  § 54.1(a) (1).

70.     The DPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code  § 54.1(d).

71.     Defendants have violated the CDPA by, among other things, denying

VBERIFEID COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

    **a.** Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Marriott Vacation Club;

    **b.** Violation of the ADA, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

72. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages of at least $1,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Cal. Civ. Code § 54.3. [1]

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at Marriott Vacation Club to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Marriott Vacation Club in compliance with federal access standards; and failing to make

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

VBERIFEID COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests statutory damages in the amount of $30,000 for violation of the Unruh Act, all according to proof.

4. In the alternative, Plaintiff request statutory damages in the amount of $30,000 for violation of the Disabled Persons Act, all according to proof.

5. Plaintiff requests actual, and treble damages in an amount within the jurisdiction of the Court, all according to proof.

6. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at Marriott Vacation Club;

    c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Facilities;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Facilities; and

    g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Facilities.

7. Plaintiff requests that the Court retain jurisdiction over Defendants

until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

8.    Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by 42 U.S.C. § 12205; California Civil Code § 52; and California Code of Civil Procedure § 1021.5;

9.    Plaintiff requests prejudgment interest under California Civil Code § 3291;

10.    Plaintiff requests interest on monetary awards as permitted by law; and

11.    Plaintiff requests any other relief that this Court may deem just and proper.

Date: April 23, 2026                                CLEFTON DISABILITY LAW

                                                    _____/s/ Aaron Clefton_____
                                                    By AARON CLEFTON, Esq.
                                                    Attorney for Plaintiff
                                                    JAMES ALGER

# JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: April 23, 2026                                CLEFTON DISABILITY LAW

                                                    _____/s/ Aaron Clefton_____
                                                    By AARON CLEFTON, Esq.
                                                    Attorney for Plaintiff
                                                    JAMES ALGER

VBERIFEID COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES